IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

NXIVM CORPORATION,

                       Petitioner,

                                        Civ. Action No.
                                        1:11-MC-0058 (GLS/DEP)

   v.

SHEILA COTE and BARBARA BOUCHEY,

                       Respondents.

_____

APPEARANCES:                      OF COUNSEL:

FOR PETITIONER:


O'CONNELL, ARONOWITZ FIRM     PAMELA A. NICHOLS, ESQ.
54 State Street                          STEPHEN R. COFFEY, ESQ.
9th Floor
Albany, NY 12207-2501

FOR RESPONDENTS:

SHEILA COTE, *Pro Se*
5 Robin Hood Court
Saratoga Springs, NY 12866

BARBARA BOUCHEY, *Pro Se*
19 Kempton Place
Apt. 8
Saratoga Springs, NY 12866

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

This matter comes before the court based upon the filing of cross-motions by petitioner NXIVM Corporation and respondents Sheila Cote and Barbara Bouchey. The cross-motions relate to subpoenas issued out of this court to the two respondents pursuant to Rule 45 of the Federal Rules of Civil Procedure, requiring them to appear for deposition, and to produce documents, in connection with two consolidated adversary proceedings pending in the United States Bankruptcy Court for the Western District of Washington, *NXIVM Corporation v. Susan Faye Dones and Kim Marie Woolhouse,* Actions Nos. 10-04338-DBL and 10-04339-DBL (W.D. Wash. Bk. Ct., filed 2010). Petitioner initiated this proceeding by the filing of a motion on August 1, 2011 seeking to compel enforcement of subpoenas issued to and served upon the named respondents. Dkt. Nos. 1. Respondents subsequently cross-moved on August 10, 2011 seeking to quash the subpoenas issued to them. Dkt. Nos. 4, 6.

Argument was held in connection with the parties' cross-motions on August 17, 2011 at the United States Courthouse, located in Syracuse, New York. At the close of that hearing I issued an oral determination

granting petitioner's motion and denying respondents' cross-motions. Based upon the foregoing and the court's bench decision, which is incorporated herein by reference, it is hereby

ORDERED as follows:

1)      Petitioner's motion to compel (Dkt. No. 1) is GRANTED.

2)      Respondent Barbara Bouchey shall appear for a deposition on August 30, 2011 at 9:00 am, not to exceed four hours in duration, at the offices of O'Connell and Aronowitz, 54 State Street, 9th Floor, Albany, New York 12207 and shall produce all documents within her possession, custody or control referenced in Exhibit A to the subpoena issued to respondent Bouchey.

3)      Respondent Sheila Cote shall appear for a deposition on August 31, 2011 at 9:00 am, not to exceed four hours in duration, at the offices of O'Connell and Aronowitz, 54 State Street, 9th Floor, Albany, New York 12207 and shall produce all documents within her possession, custody or control referenced in Exhibit A to the subpoena issued to respondent Cote.

4)      The depositions to be conducted on August 30 and 31, 2011 shall proceed in accordance with this court's standing guidelines regarding

depositions which are attached collectively as Appendix A and made a part of this order.

     5)    Respondents' motions to quash the two subpoenas at issue (Dkt. Nos. 4, 6) are DENIED.

     6)    No costs or attorneys' fees are awarded to any party in connection with the pending motion.

     7)    The clerk is directed to promptly forward copies of this order to counsel for NXIVM Corporation, who is directed in turn to serve copies of the order upon Susan Faye Dones and Kim Marie Woolhouse, the defendants in the underlying adversary proceeding, by mail. In addition, the clerk is directed to forward a copy of this order, by mail, to the two named respondents in this matter.

                                                  David E. Peebles
                                                  U.S. Magistrate Judge

Dated:    August 17, 2011
            Syracuse, NY

# APPENDIX A

## GUIDELINES FOR DISCOVERY DEPOSITIONS

(1)   At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition.  The witness shall abide by these instructions.

(2)   All objections, except those which would be waived if not made at the deposition under Fed.R.Civ.P. 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the court, or to present a motion pursuant to Fed.R.Civ.P. 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of deposition.

(3)   Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court.

(4)   Counsel shall not make objections or statements which might suggest an answer to a witness.  Counsels' statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.

(5)   Counsel and their witness/clients shall not initiate or engage in private off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.

(6)   Any conferences which occur pursuant to, or in violation of, guideline (5) are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what.

(7)   Any conferences which occur pursuant to, or in violation of, guideline (5) shall be noted on the record by the counsel who participated in the

conference. The purpose and outcome of the conference shall also be noted on the record.

(8)   Deposing counsel shall provide to the witness' counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness' counsel do not have the right to discuss documents privately before the witness answers questions about them.

(9)   There shall be only one question at a time put to a witness. Counsel shall permit the witness to fully answer before propounding subsequent or follow-up questions. If the witness indicates he or she does not understand the question, counsel shall simply rephrase the question. There is to be <u>no</u> characterization or comment by examining counsel as to any answer given by a witness. Should the answer reasonably appear to counsel to be unresponsive, counsel may so advise the witness and his or her counsel and have the question repeated by the stenographer from the record.

(10)   Examining counsel shall not engage in any argument with opposing counsel as to these issues, rather his objection shall be taken on the record and appropriate relief from this court may be sought upon completion of the examination. Similarly, counsel for a witness shall not engage in any argument with examining counsel as to the objectionability of any question. Rather, he may note his objection and permit the witness to answer the question, subject to the objection.

(11)   If a witness or his or her counsel is unclear as to any question, he or she shall so advise counsel and permit the examining counsel an opportunity to rephrase or withdraw the witness' question. Neither witness nor counsel shall make any comment or engage deposing counsel in an argument (other than grounds therefore) about the nature of the question or the witness' request for clarification.

(12)   Examining counsel shall at no time interrupt a witness while he or she is attempting to answer a question. Counsel shall await the witness' complete response to a question before advancing any follow-up questions or moving on to a new subject.

(13) Examining counsel shall refrain from unnecessary on-the-record recitation or lengthy quotations from discovery materials or documents except as is necessary to put specific questions to the witness related to such material or documents.

(14) Authority: Fed.R.Civ.P. 16, 26(f), 30, 37(a); *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D.Pa. 1993).