IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

NXIVM CORPORATION,

                Petitioner,

                                      Civ. Action No.
                                      1:11-MC-0058 (GLS/DEP)

   v.

BARBARA BOUCHEY,

                Respondent.
_____

APPEARANCES:                          OF COUNSEL:

FOR PETITIONER:

O'CONNELL, ARONOWITZ FIRM     PAMELA A. NICHOLS, ESQ.
54 State Street                         STEPHEN R. COFFEY, ESQ.
9th Floor
Albany, NY 12207-2501

FOR RESPONDENT:

BARBARA BOUCHEY, *Pro Se*
19 Kempton Place
Apt. 8
Saratoga Springs, NY 12866

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

DECISION AND ORDER

This matter arises out of a bankruptcy court adversary proceeding

brought in another district by petitioner NXIVM Corporation ("NXIVM") against two debtors who are not parties to the proceedings in this court. The court's assistance was elicited by NXIVM in order to enforce a subpoena issued to respondent Barbara Bouchey, a resident of this district, to compel her appearance at a deposition to be conducted in connection with that bankruptcy proceeding.  As a result of that request I issued an order compelling the respondent to appear for deposition and to provide requested documents for use in connection with her deposition.

Ms. Bouchey did not appear at the date and time specified in the court's order for the deposition.  Based upon her failure to appear as directed, NXIVM filed a motion with the court seeking an order holding Ms. Bouchey in civil contempt.   While that motion was pending respondent ultimately did submit to a deposition by counsel for NXIVM, although in petitioner's estimation she did not fully comply with the court's order, having left before the deposition was concluded.

Because the respondent has now complied with the court's order, I decline the petitioner's invitation to certify facts to support a finding of civil contempt to the assigned district judge but will, in the exercise of the court's inherent power, require the respondent to pay the costs, including

a reasonable attorney's fee, associated with the preparation, filing, and argument of petitioner's contempt motion.

I.      BACKGROUND

Adversary proceedings have been commenced and remain pending in the United States Bankruptcy Court for the Western District of Washington involving NXIVM as a plaintiff and two debtors, Susan Faye Dones and Kimberly Woolhouse, as defendants.  The respondent is not a party to those proceedings, and the substance of the claims and defenses in those matters is not directly relevant to the issues now before this court.

On June 8, 2011, United States Bankruptcy Judge Brian D. Lynch, before whom the adversary proceedings are pending, issued an order addressing NXIVM's stated intention to subpoena certain non-parties, including Barbara Bouchey, for deposition.[1]  Swanson Aff. (Dkt. No. 1-2) ¶ 12 and Exh. E.  In that order, *inter alia*, Judge Lynch granted NXIVM's request for the issuance of such subpoenas, specifying the permissible topics to be addressed during each deposition and requiring each subpoenaed witness to produce any requested documents at least three

---

[1]     Although Judge Lynch's order speaks in terms of quashing subpoenas, it is unclear that any subpoenas were actually issued pursuant to Rule 45 of the Federal Rules of Civil Procedure prior to the date of his decision.

days prior to their respective scheduled depositions.  *Id.*

Following Judge Lynch's determination, petitioner served Barbara Bouchey with a subpoena issued out of this district on July 21, 2011, commanding her appearance at a deposition scheduled to be held on July 27, 2011 in Albany, New York, and directing the production of documents for use in conjunction with that deposition.[2]  Nichols Aff. (Dkt. No. 1-13) ¶ 16 and Exh. C.  Upon being served, Ms. Bouchey moved in the Bankruptcy Court for the Western District of Washington for an order quashing the subpoena.  Nichols Aff. (Dkt. No. 1-13) ¶ 19; *see also* Swanson Aff. (Dkt. No. 1-2) Exh. I.  Finding that he lacked jurisdiction to quash the subpoena since it was issued from this court, Judge Lynch declined to address the motion but nonetheless ruled that the deposition of Ms. Bouchey should be limited to four hours in duration.  *See* Nichols Aff. (Dkt. No. 14-1) Exh. D;  *see also* Motion Hearing (8/17/11) Transcript (Dkt. No. 13) p. 3.

On August 1, 2011, following the issuance of Judge Lynch's second order addressed to the matter, NXIVM filed an order to show cause with

---

[2]    NXIVM claims to have had a great deal of difficulty in serving the deposition subpoena upon the respondent, a fact it attributes to Ms. Bouchey's efforts to evade service. *See* Nichols Aff. (Dkt. No. 1-13) ¶¶ 10, 16.

this court seeking to compel Ms. Bouchey's compliance with the deposition subpoena. Dkt. No. 1. Respondent opposed that application and cross-moved for an order quashing the subpoena. Dkt. No. 4.

A hearing was conducted by the court on August 17, 2011 in order to address the parties' cross-motions regarding the subpoena. At the close of the hearing, I issued an oral decision directing the respondent to appear for deposition on August 30, 2011 in Albany, New York, and to produce all documents within her possession, custody or control referenced in Exhibit A to the subpoena issued to her by NXIVM; that verbal ruling was memorialized in a written order issued on the date of the hearing.[3] Dkt. No. 10.

Despite my verbal directive and the issuance of the confirming written order, plaintiff failed to appear for deposition on August 30, 2011.[4] Nichols Aff. (Dkt. No. 14-2) ¶¶ 22-24. Instead, at 6:21 p.m. on the evening

---

[3] The August 30, 2011 date for Ms. Bouchey's deposition was set in order to permit the deposition to be taken prior to the August 31, 2011 discovery deadline set by Judge Lynch in the bankruptcy proceeding.

[4] On August 24, 2011, Ms. Bouchey asked NXIVM for an adjournment of her deposition, based upon her request for clarification with regard to the four-hour limitation. See Nichols Aff. (Dkt. No. 14-1) Exh. F. Counsel for NXIVM refused to consent to the adjournment, asserting that the four-hour deposition limitation applied only to direct examination of Ms. Bouchey. See id.

before the scheduled deposition, respondent sent an e-mail communication to NXIVM's counsel tersely advising that she would not be appearing for her court-ordered deposition. *Id.* at ¶ 23 and Exh. I.

As a result of respondent's failure to appear, on September 1, 2011, NXIVM moved for sanctions and a civil contempt order against respondent Bouchey. Dkt. No. 14. That motion, which was originally scheduled to be heard on October 7, 2011, was subsequently adjourned to October 14, 2011. *See* Dkt. Entry Dated 9/13/11.

Following a telephone conference with the court on September 12, 2011, during which I urged her to comply with the August 17, 2011 order, Ms. Bouchey finally appeared for deposition on September 14, 2011. Nichols Aff. (Dkt. No. 20) ¶ 6. Approximately four hours and forty-five minutes into that deposition, after counsel for NXIVM had completed her questioning and while debtor Susan Dones was cross-examining her, Ms. Bouchey left the deposition, over the objection of counsel for NXIVM, claiming a need to get to the airport for a departing flight. *Id.* at Exh. A. As a result of Ms. Bouchey's termination of the deposition, on October 3, 2011, NXIVM supplemented its pending motion to add this as an

additional ground for holding Ms. Bouchey in contempt.[5]  Dkt. No. 20.

A hearing was held on October 14, 2011 by telephone conference, in which a court reporter participated, to address NXIVM's contempt motion.  At the close of that telephone conference decision was reserved.

II.   DISCUSSION

   A.   Enforcement of Rule 45 Subpoenas Generally

Rule 45(e) of the Federal Rules of Civil Procedure, which governs the enforcement of civil subpoenas, authorizes "[t]he issuing court [to] hold in contempt a person who having been served, fails without adequate excuse to obey the subpoena."  Fed. R. Civ. P. 45(e); *see also Toxey v. United States*, No. 10 Civ. 3339, 2011 WL 4057665, at *2 (S.D.N.Y. Aug. 25, 2011); *Mauro v. Countrywide Home Loans, Inc.*, No. CV07-1268, 2009 WL 3463570, at * 1 (E.D.N.Y. Oct. 21, 2009);[6] *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116, 117 (E.D.N.Y. 2008).  "Indeed, the judicial power to hold a non-party in contempt is the primary mechanism by which a court can enforce a subpoena."  *Beruashvili v. Hobart Corp.*, No. CV

---

[5]   In view of the fact that NXIVM's counsel had completed her direct examination when Ms. Bouchey terminated the deposition, and respondent did submit to four hours of questioning, as directed, I find that her departure does not provide a basis to impose sanctions against her.

[6]   Copies of all unreported decisions cited in this document have been appended for the convenience of the *pro se* plaintiff.

7

2005-1646(ENV)(MDG), 2006 WL 2289199, *1 (E.D.N.Y. Aug. 8, 2006) (citing Practice Commentary to Rule 45(e), 28 U.S.C. ¶ 45-26).

Although on its face Rule 45(e) appears to permit a finding of contempt against a person who fails without adequate excuse to obey a subpoena, courts have generally been reluctant to invoke contempt powers for failure to comply with a subpoena without the prior issuance of a court order compelling that compliance, particularly with respect to non-parties. *24 Fitness U.S.A., Inc. v. 24/7 Tribeca Fitness, L.L.C.*, No. 03 Civ. 4069 (RLE), 2006 WL 1881763, at * 2 (S.D.N.Y. Jul. 6, 2006); *Cruz v. Meachum*, 159 F.R.D. 366, 368 (D. Conn. 1994) (citation omitted).  As one court has observed, "[a] subpoena, obtainable as of course from the Clerk of the Court or issued by an attorney without any court involvement, is not the same order as one issued by a judicial officer in the resolution of a specific dispute." *Cruz,* 159 F.R.D. at 368 (citation omitted).   The Second Circuit Court of Appeals has explained that

> [court] intervention serves to alert the offending party to the seriousness of its non-compliance and permits judicial scrutiny of the discovery request. The court's order also functions as a final warning that sanctions are imminent, and specifically informs the recalcitrant party concerning its obligations.  A subpoena issued by counsel does not fulfill these purposes.

*Daval Steel Products, A Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1364-65 (2d Cir. 1991).

In this instance, not only was there a subpoena issued, but a court order was entered directing the subpoenaed party, Barbara Bouchey, to appear for deposition. The court is therefore positioned to award sanctions based upon the respondent's failure to appear as directed.

B.  Contempt Authority

The next question to be addressed is the extent of my authority as a magistrate judge, if any, to address a request for a finding of civil contempt for failure to honor a Rule 45 subpoena.

The jurisdictional limitations placed upon United States magistrate judges, when addressing a motion for civil contempt, are informed by the provisions of 28 U.S.C. § 636(e). Under that section, in a case other than one over which the magistrate judge presides with a consent of the parties under 28 U.S.C. § 636(c), a magistrate judge is not authorized to issue a final contempt order. *Toxey*, 2011 WL 4057665, at 2 (citing *Kiobel v. Millson*, 592 F.3d 78. 88 (2d Cir. 2010)); *Ceslik v. Miller Ford, Inc.*, No. 3:04CV2045, 2006 WL 2050928, at *1 (D. Conn. Jun. 20, 2006). Instead, the magistrate judge's function in a "non-consent" case is to certify facts

relevant to the issue of civil contempt to the district court. *British Int'l Ins. Co. Ltd. v. Seguros La Republica*, S.A., No. 90 CIV. 2370, 2001 WL 958975, at *5 (S.D.N.Y. Aug. 22, 2001); *Church v. Steller*, 35 F. Supp. 2d 215, 216-17 (N.D.N.Y.1999) (Homer, M.J.). "The certification of facts under section 636(e) serves to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Church*, 35 F. Supp. 2d at 217.

The Federal Magistrates Act provides that, in civil, non-consent cases, where an act constitutes a civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii). Under this prescribed protocol, a magistrate judge may conduct a hearing, but in doing so may only certify the facts and may not issue an order of contempt. *Mauro*, 2009 WL 3463570, at *2 (citing *Hunter*, 250 F.R.D. at 118).

The district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a *de novo* hearing at which

issues of fact and credibility determinations are to be made." *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008). "Absent magistrate judge certification, a district court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge." *Church*, 35 F. Supp. 2d at 217 (citing *Nova Biomedical Corp. v. i-Stat Corp.*, 182 F.R.D. 419, 423–24 (S.D.N.Y.1998)).

C. <u>Standard for Finding Civil Contempt</u>

A non-party witness who has disobeyed a court order may be held in civil contempt if the movant shows that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir.2004). The principal purpose of a civil contempt adjudication is to compel compliance with a court order by imposing a sanction designed to convince the contemnor to end his or her defiance of the court order. *In re Weiss*, 703 F.2d 653, 661 (2d Cir. 1983); *Am. Civil Liberties Union v. Dep't of Def.,* No. 04 CIV. 40151 (AKH), 2011 WL 4636596, *14 (S.D.N.Y. Oct. 5, 2011). Vindication of the court's authority

and punishment for failing to abide by a lawful court order, on the other hand, are objectives generally relegated to criminal contempt. *Id.*

In this case Ms. Bouchey, although admittedly not until NXIVM had moved for contempt and I had verbally warned her by telephone of the potential consequences of failing to obey my order, has cured her contempt by appearing for deposition and subjecting herself to four hours of questioning by petitioner's counsel, as contemplated in my court order. In light of this fact, I find that no useful purpose would be served in certifying facts and recommending to the assigned district judge that Ms. Bouchey be held in contempt. *See Am. Civil Liberties Union,* 2011 WL 4636596, at *13-16.

D.  Sanctions Other Than Contempt

While respondent Bouchey's actions do not warrant a finding of civil contempt, her flouting of a legitimate order of this court cannot be overlooked and warrants the imposition of some consequences in order to vindicate the court's authority. Although the respondent is not a party to the action to which the deposition relates, it is well established that the court retains inherent power to impose sanctions on her as a non-party where a court order has been violated, provided that a finding of bad faith

is made. *See Cruz,* 159 F.R.D. at 368; *see also Amerisource Corp. v. RX USA Int'l Inc.,* No. 02-CV-2514 (JMA), 2010 WL 2730748, at *5 (E.D.N.Y. Jul. 6, 2010) (finding that a non-party is not ordinarily is not subject to sanctions absent violation of a specific court order) (citing *Cont'l Ins. Co. v. Atl. Cas. Ins. Co.,* No. 07-CV-3635, 2008 WL 3852046, at *2 (S.D.N.Y. Aug. 13, 2008), *aff'd sub nom. New York Credit & Fin. v. Parson Ctr.*, 2001 WL 4091077 (2d Cir. Sept. 15, 2011). A specific finding of bad faith is necessary in order to support the invocation of the court's inherent power to award sanctions to a non-party for a violation of a court order. *Amerisource Corp.*, 2010 WL 2730748, at *5; *Cruz,* 159 F.R.D. at 368.

Given the totality of the circumstances now presented, including respondent Bouchey's documented attempts to evade service of the deposition subpoena, her repeated efforts to avoid compliance with the subpoena in both this court and in the Western District of Washington, repeatedly reiterating arguments previously aired and rejected, and her unilateral and untimely cancellation of the court-ordered deposition without contacting the court to request relief from the court's order and without offering explanation, I find by clear and convincing evidence that respondent Bouchey has acted in bad faith. Accordingly, exercising my

inherent authority, I will award petitioner the costs, including a reasonable attorney's fee, associated with the preparation, filing, and argument of the instant motion for contempt.

IV.     SUMMARY AND ORDER

Under the schedule established in the District of Washington Bankruptcy Court, all discovery was required to be completed on or before August 31, 2011. At the time of argument of this matter I inquired as to Ms. Bouchey's availability on August 30 or 31, 2011, to which she responded that August 30, 2011 would be convenient for her. I went on during that hearing to explain to Ms. Bouchey her obligations, including the requirement that she answer questions without making her own determination as to relevance, and granted NXIVM's motion to compel her appearance on August 30, 2011 to address the topics listed in the bankruptcy court's order for a period not to exceed four hours.

Despite my instructions and court order, Ms. Bouchey failed to appear for the scheduled deposition. While Ms. Bouchey has now submitted to a deposition, effectively abating her contempt, her actions in failing to comply with that requirement and unilaterally cancelling her deposition after working hours on the evening before the scheduled date,

particularly considered in light of the totality of the circumstances, amply reflect bad faith and warrant the exercise of the court's inherent power to award sanctions.  Accordingly, it is hereby

ORDERED as follows:

1)    Petitioner's motion for an order of civil contempt (Dkt. No. 14) is DENIED.

2)    Pursuant to the court's inherent authority, petitioner is awarded sanctions against respondent Barbara Bouchey in the form of recovery of costs and attorney's fees associated with the preparation, filing, and argument of the present contempt motion.

3)    Within fourteen days of the date of this order petitioner shall submit to the court, in affidavit form with the required supporting documents necessary to comply with the governing caselaw of this circuit, quantification of the costs and attorney's fees necessitated by respondent's actions.

4)    Within fourteen days from the date of filing of that application, respondent may submit opposition to the request, limited to addressing the amount sought and not the award of sanctions itself.

5)    The clerk is directed to promptly forward copies of this order to

counsel for petitioner, electronically, and to the respondent by regular mail, pursuant to this court's local rules.

Dated:   October 24, 2011
         Syracuse, NY

*David E. Peebles*
U.S. Magistrate Judge